Hon. David G. Retchless County Attorney, Ontario County
This is in response to your letter of August 30, 1979, requesting an opinion of the Attorney General whether the Board of Supervisors of Ontario County, as its legislative body, may appoint one of its own members to serve in the capacity of director of the off-track betting corporation.
Section 8113 of the Unconsolidated Laws provides that outside of New York City, the County governing body may appoint a director to a regional off-track betting corporation. Thus, the Board of Supervisors of Ontario County would be entitled to appoint a director to the Off-Track Betting Corporation of Western New York.
Sections 8113 and 8114 of the Unconsolidated Laws sets forth the powers and duties of the off-track betting corporation board of directors which include the power to negotiate contracts that would involve the County. The director may also have outside employment but not in conflict with his duties. The law also states that the off-track betting corporation is deemed a "municipality" and its directors are "municipal officers" for the purposes of the General Municipal Law (Unconsolidated Law, § 8113, subd 9).
The General Municipal Law, § 801, sets forth various prohibitions of conduct or employment by a municipal officer or employee. He shall have no interest in any contract with the municipality of which he is an officer or employee where he has the power or duty to "(a) negotiate, prepare, authorize or approve the contract or authorize or approve the payment thereunder (b) audit bills or claims under the contract or (c) appoint an officer or employee who has any of the powers or duties set forth above * * *".
Although section 801 also states: "the provisions of this section shall in no event be construed to preclude the payment of lawful compensation and necessary expenses of any municipal officer or employee in one or more positions of public employment, * * *", this would not validate any such appointment as contemplated in your inquiry.
A county governing body is inextricably interested in the operation of an off-track betting corporation. It appoints a director and is free to contract, negotiate and otherwise deal with the corporation in a wide variety of matters. While a director may also be a municipal officer or employee as provided in section 801, that section prohibits a municipal officer or employee from appointing "an officer or employee" who has certain enumerated powers, to wit, power to "negotiate, authorize or approve the contract or authorize or approve payment thereunder". Thus it would violate section 801 if a member of a county governing body should appoint one of its members to the board of directors of the off-track betting corporation.
Even if the negotiations that would develop between the County and the off-track betting corporation were of a routine nature, there would appear to be a definite incompatibility of offices which would make such an appointment invalid. In the example of conduct mentioned herein, one person would occupy the position of a member of the County Board of Supervisors negotiating with the Board of Directors of the Regional Off-Track Betting Corporation of which he is a member, presenting his judgments and recommendations to a body of which he is also a member whose duty it would be to review and act upon such. It has been held that two offices are incompatible at common law if one of the offices is subordinate to the other (Peo. ex rel Ryan v Green), 58 N.Y. 295
[1874]). There exists the possibility of subordination of duties of respective offices in your proposed situation that cannot be permitted (1977 Opn Atty Gen [Inf]; 1976 Opn Atty Gen 235, 250; 23 Op St Comp 228).
Accordingly it is concluded that a member of a county governing body cannot appoint one of its members as a director of a regional off-track betting corporation.